## UNITED STATE DISCOUNT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

U.S. BANK, NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC16 TITLE TRUST,                           Case No.:23-cv-01493-WWB-RMN
    Plaintiff,

vs.

VALERIA TAVERAS A/K/A VALERIA
ROSA TAVERAS; *et al.*
    Defendants
_____/

## MOTION TO REMAND AND FOR SANCTIONS

Plaintiff, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC16 TITLE TRUST, ("Plaintiff"), by and through undersigned counsel and pursuant to 28 U.S.C. §1447(c) hereby moves this Court to remand this action back to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and in support thereof states:

### SUMMARY OF MOTION

1.    The Taveras' continue to misuse the State and Federal Court system to avoid appearing in Court and having motions heard. This removal is just another example of the misuse to avoid a Hearing set on August 23, 2023 on all pending Motions in Case No. 2016-CA-000091, in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. The Notice of Removal is improper for the following reasons: (1) the notice is untimely pursuant to 28 USC § 1446(c)(1) and (2) there is not diversity of parties or Federal Question framed in the pleadings.

## FACTUAL BACKGROUND

2. This action stems from a Note and Mortgage. On September 7, 2006, borrowers, Valeria and Eliezer Taveras (collectively the "Taveras"), obtained a loan for $960,000.00 from Bank of America, N.A. to purchase the property located at 7706 Excitement Drive, Kissimmee, Florida 34747 ("Property").

3. At the time that Defendant, Valeria Taveras, purchased the subject Property on September 7, 2006, the Property was encumbered by a prior mortgage dated December 3, 2005, from Michael Hamon, joined by his wife, Judith Hamon, in favor of The Mortgage Firm, Inc., d/b/a Alternative Mortgage Solution in the amount of $680,000.00 recorded on January 12, 2006 in Official Records Book 3028, Page 796 of the Public Records of Osceola County, Florida ("Harmon Mortgage").

4. The proceeds from the Plaintiff's Mortgage were used to satisfy the Harmon Mortgage as evidenced by that certain Settlement Statement from the closing on Plaintiff's Mortgage. After obtaining the loan the Taveras made their regular monthly mortgage payment to Bank of America, N.A. Per, Bank of America's records the Taveras made payments from September 14, 2006, to January 14, 2008.

5. Mr. Taveras admitted that they originally defaulted on the subject loan in January of 2008 due to a loss of income. Ensuing the default, Ms. Taveras submitted to hardship letters to Bank of America in March of 2008 and May of 2008, wherein she acknowledges the debt and seeks some loss mitigation assistance to resolve the loan, which did not result in a modification.

6. Based on this first default, Bank of America, N.A. filed suit for foreclosure on July 9, 2009. In that action, the Taveras took no steps to contest the validity of the foreclosure. In fact, Mr. Taveras conceded, via a deposition, that they believe Bank of America had the right to

foreclose the subject Property. However, that action was ultimately dismissed by the Court for lack of prosecution.

7. After this case the Taveras have taken several actions to attempt have the Courts deem the Note and Mortgage unenforceable.

8. First, the Taveras' filed a Complaint for Declaratory Judgment on August 28, 2014. Within their Complaint, the Taveras concede that there was a prior action under the Subject Loan based on a default in 2008 and sought to deem the Plaintiff's Mortgage null and void, based on statute of limitations. The declaratory judgment was reversed on appeal in Case No. 5D15-680. Ultimately, the Taveras' counsel, Keith Arago, dismissed the action without prejudice, due to Florida precedent, and because the Plaintiff's predecessor "demonstrated to be the legal holder in due course of the 'promissory note.'" The Taveras' acting pro se sought to undo the dismissal but failed.

9. Eventually, the underlying Foreclosure Action was filed.

10. Since 2016 the Taveras have taken the following actions in this case, that all have resulted in delay:

   a. Remove this case to Federal Court on July 17, 2019, Case No. 19-CV-01307, wherein the case was ultimately remanded two months later;

   b. Filed a Federal Complaint against the Plaintiff on August 8, 2019, Case No. 19-CV-01469; Dismissed on May 6, 2020.

   c. Filed a Second Federal Complaint on June 8, 2020, Case No. 20-CV-9731 Dismissed September 24, 2020;

   d. Filed a Third Federal Complaint on January 27, 2021, against prior Plaintiffs, which is stayed, Case No. 21-CV-00189.

    e. Attempted to have Judge Schreiber disqualified on April 29, 2019, then again July 4, 2019, then again July 5, 2019;

    f. Filed a Fourth Federal Complaint, against Judge Schreiber on July 29, 2019 resulting in her recusal;

    g. Filed a Fifth Federal Complaint against Judge Young, Judge Schreiber, and Judge Munyon on July 13, 2023, resulting in Judge Young recusing himself from this matter.

    h. In addition to the Federal Filings the Taveras have filed four (4) appeals[1] to the Fifth District Court of Appeals and one (1) to the Supreme Court of Florida, all of which have been unsuccessful;

    i. Lastly, the Taveras' have filed multiple counterclaims, some against counsel for the Plaintiff, which have all been unsuccessful.

11. Due to the Taveras' improper conduct this matter was assigned to a new judge in Osceola County, Judge Alvaro. When the change in Judge took place there was a pending Court Ordered hearing on August 23rd set to take place in-person.

12. The parties confirmed with Judge Alvaro that the hearing was taking place. However, Mr. Taveras – who regularly speaks for Mrs. Taveras despite not being an attorney – attempted to cancel the hearing stating he was not available to appear in person, and was unaware the hearing was in person. The Judicial Assistant for Mr. Taveras stated that the Order clearly states person and for the parties to proceed.

---

[1] 5D19-0539; 5D19-1487; 5D19-1488; 5D19-2934; SC19-2066

13.     Instead of proceeding this untimely Notice of Removal was filed in Order to avoid the hearing.²

## MEMORANDUM OF LAW

14.     A defendant may remove a case from state court pursuant to 28 U.S.C. 1446 if a basis exists for the federal court to exercise subject matter jurisdiction. *CitiMortgage, Inc. v. Ringer, Trustee of H. Ringer Enterprises Land Trust*, 2014 WL 12872641 (M.D. Fla. 2014) Generally, a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and it is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. $ 1446(b)(1).

15.     If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. 1446(b)(3). However, a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 (diversity jurisdiction) more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.28 U.S.C. l446(c)(1).

---

² Plaintiff notes that a removal may not cause orders entered after the removal to be void under Florida Law, In *Hunnewell v. Palm Beach County,* 786 So. 2d 4 (Fla. 4th DCA 2000), the Fourth DCA, replying on Florida Supreme Court precedent, provides that "[w]hen removal is shown to be improper the State court's actions are not void." As this is the second improper removal the Plaintiff contends any order entered by the State Court should not be deemed void.

16. Importantly, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Diebel u. S.B. Trucking Co.*,262 F. Supp. 2d 1319 (M.D. Fla. 2003). Further, an untimely notice of removal requires remand to the state court. *CitiMortgage*,2014 WL 12872641 (M.D. Fla. 2014*). See also Raytheon SI Government Solutions, Inc. v. Carrol,*2011 WL 13299638 (M.D. Fla.2011) ("The 30 day time limit of 1446(B) is a strictly applied rule of procedure that may not be extended by the court. Thus, an action should be remanded if the defendant filed an untimely notice of removal."). (Internal citations and quotations removed).

17. The Taveras' Notice of Removal is clearly untimely, and as such, this action must be remanded to State Court. This action commenced on April 1, 2016. Pursuant to rule 28 U.S.C. 1446(b)(1) a notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. This Notice of Removal is untimely as it was filed over eight years after the initial complaint was filed.

18. In addition, it is axiomatic that for the federal court to have original jurisdiction over an action, "[t]he grounds for removal must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim." 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed.2009). A removing defendant may not create jurisdiction by raising a federal question defensively except in very limited circumstances, such as where state law has been completely preempted by federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–94, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

19. The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979). In this case, there are no counterclaims, crossclaims or foreclosure counts that involve Federal law.[3]

20. The Taveras' type of conduct has been seen before and other courts has remanded with the award of fees:

> This case presents a textbook example of a removal where the removing party had no basis, whatsoever, for removal, let alone an objectively reasonable basis. There is a complete absence of any argument to support either federal question jurisdiction or diversity jurisdiction. Moreover, in addition to the fact that the removal was filed two years too late, and is untimely, the Defendants' failed attempt to remove a year ago was rejected by this Court because Defendants "consistently made no attempt whatsoever to support federal jurisdiction," a statement equally applicable to Defendants' removal this time. It is apparent that the only reason Defendants removed this action was to delay the state foreclosure action. Consequently, because there is absolutely no objectively reasonable basis for removal Plaintiff's request for fees and expenses is due to be granted.

*Bank of New York Mellon Tr. Co., N.A. v. Johnson*, 1:10-CV-00221-SPM, 2010 WL 5426783, at *4 (N.D. Fla. Nov. 24, 2010), *report and recommendation adopted sub nom. Bank of New York Mellon Tr. Co. NA v. Johnson*, 1:10-CV-221-SPM/GRJ, 2010 WL 5426784 (N.D. Fla. Dec. 27, 2010)

---

[3] See *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) (concluding that "a counterclaim ... cannot serve as the basis for 'arising under' jurisdiction"). Taveras' can never established federal question jurisdiction, and removal on this basis under § 1441 is improper. *See HSBC Bank USA, Nat'l Assoc. v. Goldman*, No. 13-80410-CIV, 2014 WL 352245, at *1 (S.D. Fla. Jan. 31, 2014) (finding that where no federal claims were raised in the state court action, no federal question jurisdiction existed and removal was improper);

21.     The only remaining question is whether the Plaintiff is entitled to fees for having defend yet another improper removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorneys' fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quotation marks and citations omitted).

22.     Here, the Taveras' failed to have an objectively reasonable basis for removal. Removal was previously denied in 2019, and no facts have changed to establish a basis for removal now. The Taveras' are also well versus in the Court system based on the multiple filings above. They cannot claim that their pro se status prohibits this Court from awarding fees. *See Lost Mt. Homeowners Ass'n v. Rice*, 248 F. App'x 114, 116 (11th Cir. 2007) (affirming district court's award of attorneys' fees against pro se defendant for his improper removal); *Bank of New York Mellon v. Resolution Properties Trust LLC*, 2019 WL 3451482 (M.D. Fla. 2019)(awarding $750 in fees for improper removal)

**WHEREFORE**, Plaintiff, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC16 TITLE TRUST, respectfully requests this Court to remand this case back to the Ninth Judicial Circuit in and for Osceola County, Florida to allow the Plaintiff to proceed with the State Court Action, an award of fees and costs, and any such further relief this Court deems proper and just.

**LOCAL RULE 3.01(g) CERTIFICATION**

I certify that the movant attempted to confer with opposing party. On August 22, 2023 at 4:02PM counsel called Mr. Taveras (no answer, no voicemail); at 4:03PM Counsel emailed the Taveras' but no response was received despite numerous other emails sent throughout the day; at

4:45PM counsel called the Taveras but the number was disconnected; counsel called again at 4:47, the phone rang but no answer.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 22, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF which will send electronic notice to all parties of record. I further certify that a copy of the foregoing was e-served to Shawn Rader, Esq, Co-Counsel for Plaintiff, Shawn.Rader@lowndes-law.com; Micheal Piccolo, Esq., Co-Counsel for Plaintiff, Michael.piccolo@lowndes-law.com; Eliezer Taveras, Defendant, etaveras2020@gmail.com; Valeria Taveras, Defendant, valtaveras@yahoo.com.

By: _/s/ Adam A. Diaz_
Adam A. Diaz
Florida Bar No. 98379
Diaz Anselmo & Associates, P.A.
Attorneys for Plaintiff
499 NW 70th Ave., Suite 309
Fort Lauderdale, FL 33317
Phone: (954) 564-0071 / Fax: (954) 564-9252
Primary Email: adiaz@dallegal.com
Secondary Email: cortiz@dallegal.com