**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Orlando Division

Case No. 6:23-cv-01493-WWB-RMN

U.S. BANK, NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST,
    *Plaintiff*

Vs.

VALERIA TAVERAS, et al.,

Defendants.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S**
**MOTION TO REMAND AND FOR SANCTIONS**
**With Incorporated Memorandum of Law**

COME NOW, Defendants, Valeria Taveras, and Eliezer Taveras ("Defendants" or the "Taveras"), pro se, and pursuant to this Court's Rule Local Rule 3.01(g), Fed. R. Civ. P. 11, and the Fifth and Fourteenth Amendments to the US Constitution, move to Strike Plaintiff's MOTION TO REMAND AND FOR SANCTIONS (the "Motion to Remand"); and further ask this Court for Sanction Against Plaintiff and its Attorney of Records, Adam Diaz, and further stay:

**PRELIMINARY STATEMENTS**

On July 13, 2023, Defendants filed a related action which still pending in this Court under Case No. 6:23-cv-01305-WWB-RMN. On July 31, 2023, the

1

Taveras filed their Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction [8] and Motion for Leave to Exceed the Page Limit, as set forth in this Court Rule 3.01(a) [11].

On August 3, 2023, this Court entered an order staying:

> Plaintiffs' Ex Parte Motion for Leave to Exceed the Page Limit 11 is DENIED. Plaintiffs' Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction 8 is STRICKEN. Should Plaintiffs elect to refile their motion, **it must comply with all applicable rules and orders of this court**, including the page limit set forth in Local Rule 3.01.
> (Emphasis added).

Seeing their constitutional rights violated several times by the State Court, looking for true justice, on August 21, 2023, Defendants filed their Petition and Notice of Removal (the "Petition"), removing to this Court the civil action bearing the Case No. 492016CA000916MFXXX, which was pending in the Circuit Court of the Ninth Judicial Circuit In And For Osceola County, Florida (the "State Court").

This action is another battle between David and Goliath.

On August 22, 2023, the attorney Adam A. Diaz, on behalf of Plaintiff, U.S. Bank, National Association As Legal Title Trustee For Truman 2016 SC6 Title Trust (hereinafter "Plaintiff" or "US Trust"), filed the Motion to Remand, failing to comply with this Court's Local Rule 3.01(g) and full of material misrepresentations,

Respectfully, Pursuant to Defendants' equal opportunity rights, guaranteed by the Fifth Amendment to the U.S. Constitution, Defendants ask in this case that Plaintiff's Motion to Remand be equally stricken; and for an order properly

2

sanctioning Plaintiff and its attorney of records, Adam Diaz. The Motion to Remand lacks merit and should be stricken. In a number of ways, it is improper and procedurally and substantively unsound: (1) it fails to comply with this Court's Rule 3.01(g); (2) it violates 28 U.S.C. § 1447(c) by not containing the required concise statement of the "basis of any defect other than lack of subject matter jurisdiction" (3) it makes false statements of facts, in violation of Fed. R. Civ. P. 11(b); (4) it is prepared with heavily redacted excerpts piecemeal; (5) it fails to meet the burden necessary for remand; (6) even fails to meet the burden necessary for reconsideration of Defendants' Notice of Removal; and (7) was filed with the only purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation, in violation of Fed. R. Civ. P. 11(b)(1).

## FACTS

1.  This action was filed on April 1, 2016, in the State Court by Servis One, Inc., DBA BSI Financial Services ("BSI") on behalf of Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual Capacity but as Trustee of ARLP Trust 4 ("Christiana Trust"), attaching as supporting evidence a purported promissory note (the "BSI Note") purportedly executed by Defendant, Valeria Taveras on September 7, 2023, and a mortgage (the "Mortgage") delivered to Bank of America, N.A. ("BANA").

2.  In 2018 Defendants made a discovery, based on which they began to assert – and maintain – that the BSI Note is false, bearing a forged signature of Valeria Taveras and containing materially false and fictitious representations as to

its terms and the encumbrance of the Property.

3. BSI and Christiana Trust asked Defendants for evidence demonstrating the forgery, the Taveras provided proper documentation accordingly (the documentation, including affidavit of Valeria Taveras and testimony of forensic handwriting experts Thomas Vastrick and Charles E. Perrota is part of the records). However, instead of dismissing the foreclosure action, Christiana Trust moved to change party plaintiff. On June 7, 2018, the State Court entered an order, granting to substitute US Trust as party plaintiff.

4. In December 2018, Plaintiff sought leave to amend. Despite the futility of the proposed amendment [see Petition ¶¶ 21-22, 31-42], the State Court granted leave to amend in February 2019. Accordingly, Plaintiff filed its First Amended Complaint.

5. On August 9, 2022, after more than six years in litigation, the State Court granted Plaintiff motion for leave to file its Second Amended Complaint (the "SAC"), despite the futility of the proposed amendment [see Petition ¶¶ 43-45].

6. On May 12, 2023, Defendant, Valeria Taveras (not Eliezer), filed her Motion for Partial Final Summary Judgment ("Valeria MSJ").

7. On July 13, 2023, Plaintiff filed its answer to Valeria MSJ, nevertheless, it also moved for summary judgment in all counts. Plaintiff filed a:
   a. 24-page Plaintiff MSJ;
   b. 629-page appendix;
   c. 2-page Notice of Filing Affidavit in Support Of Motion And Certificate Of Business Records
   d. 282-page Affidavit in Support of Motion and Certificate of

4

    Business Records;
  e. 99-page Request for judicial notice;
  f. 2-page Notice of Filing Affidavit of Attorney's fees;
  g. 3-page Affidavit of Reasonableness as To Attorney's Fees
  h. 53-page Motion to Take Judicial Notice;
  i. 18-page Affidavit of Attorney's Fees and Costs;
  j. 35-page Notice of Filing Original Documents - Note and Mortgage

  8. The overwhelming number of documents submitted by Plaintiff would take at least 90 days for Defendants to examine, and file a proper response.

  9. On July 17, 2023, the State Court entered an order setting for hearing (the "Hearing") the following:

  a. Defendant Valeria Taveras's Motion for Partial Summary Final Judgment, Including Supporting Factual Position, filed May 12, 2023;
  b. Defendant Eliezer Taveras's Motion to Compel Plaintiff to Respond to Defendants' Written Interrogatories to Plaintiff #2, filed June 7, 2023;
  c. Defendant Eliezer Taveras' Motion for Judgment on the Pleadings with Incorporated Memorandum of Law or on the Alternative to Strike Sham Pleadings, filed June 21, 2023;
  d. Plaintiff's Motion to Take Judicial Notice, filed June 29, 2023; and
  e. Plaintiff's Request for Judicial Notice, filed July 13, 2023.

  10. See a copy of the State Court Order attached hereto as Exhibit "1" and incorporated by reference.

  11. The Plaintiff's MSJ was not added to the Hearing.

  12. In contravention of the rule of law, on August 09, 2023, Plaintiff filed its Motion To Amend Court's July 17, 2023 Order Setting All Pending Motions To Include Plaintiff's Motion For Summary Judgment Filed On July 13, 2023 (the "Motion to Amend"), asking this Court to include its Motion for Summary Judgment ("Plaintiff MSJ") to the hearing set for August 23, 2023. See Exhibit "2"

5

attached hereto. On August 14, 2023, Defendants filed a response to the motion, asserting, among others, that they were not able to file a response at least 20 days before the hearing (as the new Florida Rule stays), and therefore, that a hearing on Plaintiff MSJ will put Defendants' due process rights at risk. See Exhibit "3", which Defendants incorporate by reference.

13. As stated above, looking for true justice, on August 21, 2023, Defendants removed this action to this court under 28 USC 1443(1), asserting that they were denied or cannot enforce in the State Court rights under several laws providing for the equal civil rights of citizens of the United States, as demonstrated therein. Defendants allege, interalia, that the State Court (1) denied motion(s) without holding hearing; (2) deprived them of a fair opportunity to an early termination of this action through an opportunity to demonstrate the alleged forgery; (3) harassed Defendants; (4) discriminated Defendants; (5) maintain a custom, policy that grants foreclosure plaintiff a litigation privilege to commit systemic fraud, forgery, perjury, violation of federal and Florida RICO, etc., and therefore, that they cannot enforce in the State Court rights under the Constitution of the United States providing for the equal civil rights of citizens.

14. In good faith, not only to comply with the Rule but also with the rule of ethics (although not attorneys) to impede the opposing party's unnecessary expenses to travel to Kissimmee, FL to the Hearing, Defendants filed in the State Court their Notice of Filing Notice of Removal. See Exhibit "4", emailed a copy to all parties, including Plaintiff c/o its attorneys, and a copy to the Judge's assistant,

asking her to forward a copy to Chad K. Alvaro, who was presiding judge, and giving a courtesy reminder of the State Court lack of jurisdiction, so that all parties would have enough time to change their schedule.

15. Of note, the Judge's assistant replied "Per Judge Alvaro, the parties are expected to be present for the hearing tomorrow as scheduled." See composite Exhibit "5".

16. Without any legal, though suspicious reason, the attorney seemed desperate for the hearing scheduled for today, August 23, 2023, to go ahead. Accordingly, he filed in the State Court a Motion to Proceed with Hearing Set on August 23, 2023, and for Sanctions, full of lies and misrepresentations (see Exhibit "6" attached hereto), and in this court its Motion to Remand.

17. The attorney, Adam Diaz, who has taken several days to answer Defendants' emails, and in a very dishonest manner, trying to comply with Local Rule 3.01(g) came to this Court making a perjured **certification** that "Counsel emailed the Taveras' but no response was received despite numerous other emails sent throughout the day . . . at 4:45PM counsel called the Taveras but the number was disconnected"; and then, in contradiction asserts "counsel called again at 4:47, the phone rang but no answer." Defendants were not available to answer the phone when the attorney said he called (Defendants ignore if he did); Defendants ignore which number(s) the attorney called that was disconnected; but the statement is clearly false on its face. Regarding his allegations about the "numerous other emails sent throughout the day" that is false. See Exhibit "7".

7

## **MEMORANDUM OF LAW AND ARGUMENT**

This Court Local Rule 3.01(g) stays:

(g) DUTY TO CONFER IN GOOD FAITH.
(1) Duty. Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.

The Fifth Amendment's Due Process Clause requires the United States government to practice equal protection. The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law.

The Equal Protection Clause of the Fourteenth Amendment applies to the entire State of Florida. The Equal Protection Clause is a federal-law provision providing for equal rights.

### A. The Motion to Remand Fails to Comport with Local Rule 3.01(g) and Fed. R. Civ. P. 11.

The Plaintiff and its attorney have conspired, by word or conduct, to make false or misleading representations to induce this Court to remand this action.

Plaintiff and its attorneys have falsely represented that Plaintiff complied with this Court Rule 3.01(g).

On August 22, 2023 the attorney sent an email saying "I am filing a Motion to Remand your improper Notice of Removal. Per the rules I have to confer if you agree to the Motion to Remand. I attempted to call you but you did not pick up." At 4:48 PM the attorneys sent his second email saying: "I attempted to call 3 more

8

times but no response and your phone may be disconnected. I am filing the Motion and noting these attempts to confer." Neither Eliezer nor Valeria was able to answer the emails. Less than one hour later, Carry Ortiz sent an email with a copy of the filed Motion to Remand. It was only when Defendant, Eliezer Taveras, was able to check the emails, surprised by the lawyer's haste and unethical conduct.

With all due respect, that is not a good faith effort to resolve the Motion to Remand. Under Defendants' constitutional rights to due process and constitutional rights to equal opportunity of the law (5th and 14th Amendments), and this Court Rule 3.01(g), the Motion to Remand must be stricken.

As an attorney, Mr. Diaz is an officer of this Court, and her conduct is subject to judicial supervision and scrutiny. An attorney is an officer of the court and an essential component of the administration of justice, and, as such, his conduct is subject to judicial supervision and scrutiny.[1]

As an attorney, Mr. Diaz must comply with the Rules of Professional Conduct, including candor before the tribunal, as described in the Florida Bar Informational Packet, Candor Before The Tribunal.

Federal and Florida caselaw prohibits lawyers from presenting false statements of facts. Perpetration of fraud is outside the scope of the professional duty of Mr. Diaz.[2]

---

[1] See *State ex rel. Florida Bar v. Evans*, 94 So.2d 730 (1957).
[2] *Dodd v. The Florida Bar*, 118 So. 2d 17 (Fla. 1960), reminds us that "the courts are . . . dependent on members of the bar to . . . present the true facts of each cause . . . to enable the judge or the jury to [decide the facts] to which the law may be applied. When an attorney . . . allows false testimony . . . [the attorney] . . . makes it impossible for the scales

Furthermore, Florida Bar Rule 4-1.2(d) prohibits the lawyer from assisting a client in conduct that the lawyer knows or reasonably should know is criminal or fraudulent. Rule 4-1.16 prohibits a lawyer from representing a client if the representation will result in a violation of the Rules of Professional Conduct or law and permits the lawyer to withdraw from representation if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent or repugnant or imprudent. Rule 4-1.16(c) recognizes that notwithstanding good cause for terminating representation of a client, a lawyer is obliged to continue representation if so ordered by a tribunal. Rule 4-1.6(b) requires a lawyer to reveal information to the extent the lawyer reasonably believes necessary to prevent a client from committing a crime.

Rule 4-3.3(a)(2), requires a lawyer to reveal a material fact to the tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client, and 4-3.3(a)(4) prohibits a lawyer from offering false evidence and requires the lawyer to take reasonable remedial measures when false material evidence has been offered. Rule 4-3.4(b) prohibits a lawyer from fabricating evidence or assisting a witness to testify falsely. Rule 4-8.4(a) prohibits the lawyer from violating the Rules of Professional Conduct or knowingly assisting another to do so.

---

[of justice] to balance." See *The Fla. Bar v. Agar*, 394 So. 2d 405 (Fla. 1981), and *The Fla. Bar v. Simons*, 391 So. 2d 684 (Fla. 1980). To permit or assist a client or other witness to testify falsely is prohibited by F.S. § 837.02 which makes perjury in an official proceeding a felony, and by F.S. § 777.011 which proscribes aiding, abetting, or counseling commission of a felony.

Rule 4-8.4(b) prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. Rule 4-8.4(c) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 4-8.4(d) prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

The Court has the inherent power to sanction perjury, misconduct and other fraud by the Plaintiff and its attorney Adam Diaz.

Under Fed. R. Civ. P. 11, Attorney Diaz has a legal duty to present pleading, written motions, or other paper – "whether by signing, filing, submitting, or later advocating it" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In addition to the above, and in violation of the rule of law, the attorney falsely asserts "This removal is just another example of the misuse to avoid a Hearing set on August 23, 2023, on all pending Motions in Case No. 2016-CA-000091," (emphasis added). A look at Judge Young's order demonstrates the

falsity of the statement.

Plaintiff and its attorneys of records have a practice of falsely representing facts to pursue this foreclosure action. Upon setting an evidentiary hearing Defendants can demonstrate this unlawful conduct.

### B. The Plaintiff Has Not Met Its Burden to Have the Court Consider the Notice of Removal nor its Motion to Remand

The Plaintiff's Motion to Remand is, in part, yet another intentional act to harass and delay the lawful resolution of this action.

Plaintiff filed its meritless motion making redundant arguments about basis for removal under 28 U.S.C. 1446, and, accordingly presenting arguments about "The 30 day time limit of 1446(B)... The Taveras' Notice of Removal is clearly untimely, and as such, this action must be remanded to State Court." And, in the only paragraph that would direct the Court attention to Defendants' basis for removal, Plaintiff argues: "The only remaining question is whether the Plaintiff is entitled to fees for having defend yet another improper removal. Under 28 U.S.C. § 1447(c). And in conclusory fashion "Here, the Taveras' failed to have an objectively reasonable basis for removal."

Since the Civil Rights Act of 1866, federal civil rights laws have allowed removal of cases from state to federal courts. The 1866 and 1870 acts provided for removal to federal court of state criminal or civil cases affecting persons who were denied or could not enforce in state court rights guaranteed by the acts. In the revised statutes of 1874, Congress restated the removal power to encompass

violations of "any law providing for ... equal civil rights." Early removal cases, typified by strauder v. west virginia (1880), allowed removal when state courts denied rights by enforcing state statutes but refused removal when state courts denied rights by following uncodified practices. With the vanishing of the black codes, removal became an insignificant remedy.

The rights to be protected by the removal remedy were contained in Act of April 9, 1866, ch. 31, § 1, 14 Stat. 27 (now REv. STAT. §§ 1977-78 (1875), 42 U.S.C. §§ 1981-82 (1964)).

The Motion to Remand violates 28 U.S.C. § 1447(c) by not containing the required concise statement of the "basis of any defect other than lack of subject matter jurisdiction".

### C. Plaintiff's Motion to Remand is An Invitation to This Court to be a part of an Scheme to Defraud and to Violate Defendants' Civil Rights and other Constitutional Rights

The Fair Housing Act prohibits discrimination in housing based on race or color, religion, sex, national origin, familial status, or disability.

The Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, religion, sex, or national origin.

The Civil Rights Act of 1866, ch. 31, § 1, 14 Stat. 27 (now REv. STAT. §§ 1977-78 (1875), 42 U.S.C. §§ 1981-82 (1964)) ("The Civil Rights Act of 1866"), is a federal-law provision providing for equal rights. The Civil Rights Act of 1866 applies to the entire State of Florida, and reads in part:

"[All United States] citizens, of every race and color, without regard to

13

any previous condition of slavery or involuntary servitude . . . shall have the same right, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey real and personal property, and to full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishment, pains, and penalties, and to none other, any law, statute, ordinance, regulation, or custom, to the contrary notwithstanding."

Title 18, U.S.C., Section 241 makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory, or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

Title 18, U.S.C., Section 242 makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived any person of those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

In an evident scheme to defraud this Court and the State Court, in his Motion to Proceed, Plaintiff in agreement with its attorney Diaz asserts "Defendants filed their second Notice of Removal of this action based on the same legal argument supporting their 2019 removal." That is not a mere error, it evidences a scheme to defraud and an invitation to some individuals to participate in their conspiracy to deprive Defendants of their civil rights secured under the US Constitution, as described above.

The Motion to Remand violates 28 U.S.C. § 1447(c) by not containing the

required concise statement of the "basis of any defect other than lack of subject matter jurisdiction" (3) it makes false statements of facts, in violation of Fed. R. Civ. P. 11(b); (4) it is prepared with heavily redacted excerpts piecemeal; (5) it fails to meet the burden necessary for remand; (6) even fails to meet the burden necessary for reconsideration of Defendants' Notice of Removal; and (7) was filed with the only purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation, in violation of Fed. R. Civ. P. 11(b)(1).

### D. If the Court Does not Strike the Motion to Remand It Should Not Require Defendants to Respond to it Until Plaintiff Complies With this Court Rules and the Fed. R. Civ. P. 11, Among Others

Plaintiff's motion should not be considered, if at all, until Plaintiff complies with this Court's Rules and with the Fed. R. Civ. P. If this Court decides to consider the Motion to Remand, Defendants ask this Court for an order setting deadline to respond.

WEREFORE, Defendants respectfully ask this Court to Strike the Motion to Remand, and preclude Plaintiff from filing any other motion or document, unless it (1) complies with the Local Rules; (2) complies with Fed. R. Civ. P.

Dated August 23, 2023,

Respectfully,

Eliezer Taveras
7706 Excitement Dr
Kissimmee, FL 34747
(305) 515-4840
Etaveras2020@gmail.com

Valeria Taveras
7706 Excitement Dr
Kissimmee, FL 34747
(305) 515-4840
valtaveras@yahoo.com

## **Notice to Court and all parties:**

Defendants lack filing privilege to file through the CM/ECF. Therefore, on August 23, 2023 Defendants sent this Motion via UPS, that would be arriving on August 24, 2023 to the Court at:

**United States District Court**
**Middle District of Florida**
**401 W Central Blvd**
**Orlando, FL 32801**