**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. BANK, NATIONAL ASSOCIATION
AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

          Plaintiff,

v.                                   Case No.: 6:23-cv-1493-WWB-EJK

VALERIA TAVERAS, ELIEZER
TAVERAS, REUNION RESORT &
CLUB OF ORLANDO MASTER
ASSOCIATION, INC., BANK OF
AMERICA, N.A, UNKNOWN TENANT
NO. 1 and UNKNOWN TENANT NO. 2,

          Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendants' Emergency Motion to Stay Remand Pending Appeal (Doc. 29).

Defendants Valeria and Eliezer Taveras move, pursuant to Federal Rule of Civil Procedure 62(a), for a stay pending appeal of the Court's Order ("**Remand Order**," Doc. 28) remanding this case to state court and awarding sanctions against Defendants.  Rule 62(a) provides that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Although this stay is automatic, Defendants still must show that Rule 62(a) applies to this case, and, if so, that the conditions exist to trigger the stay.  Defendants have made neither showing.  Instead, they merely assert that because they argue the Remand Order is appealable, they are entitled to the automatic stay.  Because

Defendants have failed to support their entitlement to a stay under Rule 62(a) with argument or citation to relevant authorities, their argument is waived.  *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived.").

Defendants next argue they are entitled to a discretionary stay of the Remand Order.  "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted).  There are four factors relevant to granting a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting *Nken*, 556 U.S. at 426).

Defendants have not, and cannot, show a likelihood of success on the merits, because as detailed in the Remand Order, they have failed to establish any basis for this Court to exercise its jurisdiction.  Diversity jurisdiction under 28 U.S.C. § 1332(a) is unavailable because Defendants are United States citizens residing in Spain.  (Doc. 28 at 3).  Defendants do not attempt to dispute the Court's conclusion on this point.  Nor is there any claim arising under federal law to support jurisdiction under 28 U.S.C. § 1331. Defendants waived their position that Plaintiff's claim is preempted by federal law by failing to support that position with argument or citation to relevant authorities.  (*See id.* at 4).

Finally, Defendants contend they will succeed on appeal because they were entitled to removal under 28 U.S.C. § 1443, which permits a defendant to remove an

action to federal court when they are denied or cannot enforce in state court "a right under any law providing for equal civil rights of citizens of the United States."  To be entitled to removal under this section, Defendants must satisfy a two-prong test: "[f]irst, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'  Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  The denial of civil rights permitting removal under § 1443 must be by state constitution or statute—not by corrupt or prejudicial acts of state officers. *Kentucky v. Powers*, 201 U.S. 1, 31 (1906) (interpreting the predecessor statute to § 1443).

Defendants here allege that their civil rights have been violated as a result of a pervasive policy in Florida courts to discriminate against foreclosure defendants generally and against Defendants in particular.  (Doc. 15, ¶¶ 53–82).  However, Defendants fail entirely to connect these conclusory allegations to their race.  Furthermore, although Defendants have listed a series of Florida statutes they contend preclude them from enforcing their rights, (*see* Doc. 20 at 8), Defendants again do not elaborate on or support this argument.  Close inspection of these latter allegations however show they are merely attempts to dispute substantive and procedural rulings in the state court proceedings. (Doc. 15, ¶¶ 64–82).  Defendants cannot satisfy either prong permitting removal under § 1443.

The Remand Order concluded that this court lacks any basis for jurisdiction over this case.  Defendants have not made any showing contrary to this conclusion in the

Motion at issue or in any other document before the Court.  Accordingly, Defendants have failed make the "strong showing that [they are] likely to succeed on the merits" required for a stay to issue pending appeal.  *Hand*, 888 F.3d at 1207.  Therefore, it is **ORDERED** and **ADJUDGED** that Defendants' Emergency Motion to Stay Remand Pending Appeal (Doc. 29) is **DENIED**.

      **DONE AND ORDERED** in Orlando, Florida on October 17, 2023.

                                      WENDY W. BERGER

                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties