# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

U.S. BANK, NATIONAL ASSOCIATION
AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

        Plaintiff,

v.                                Case No.: 6:23-cv-1493-WWB-EJK

VALERIA TAVERAS, ELIEZER
TAVERAS, REUNION RESORT &
CLUB OF ORLANDO MASTER
ASSOCIATION, INC., BANK OF
AMERICA, N.A, UNKNOWN TENANT
NO. 1 and UNKNOWN TENANT NO. 2,

        Defendants.
_____/

## ORDER

      THIS CAUSE is before the Court on Defendants' Motion to Set Aside Court Order Granting Remand and Sanctions and Further Reliefs for Fraud Upon the Court and Other Grounds (Doc. 48), wherein Defendants Valeria and Eliezer Taveras seek reconsideration of this Court's October 11, 2023 Order ("**Remand Order**," Doc. 28) granting sanctions against Defendants and remanding this case to state court.

      District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and

Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

As relevant to Defendants' Motion, on August 22, 2023, Plaintiff filed a Motion to Remand and for Sanctions (Doc. 7). The Court granted the Motion, finding that Defendants could not establish any basis for this Court to exercise its subject matter jurisdiction. (Doc. 28 at 3–4). Specifically, the Court found that as United States citizens living abroad, Defendants were not proper parties to a diversity action. (*Id.* at 3). In addition, the Court determined that Defendants' conclusory and undeveloped arguments as to federal question jurisdiction failed to establish federal preemption of Plaintiff's state

law claim. (*Id.* at 4). Finally, the Court concluded that Defendants lacked an objectively reasonable basis for seeking removal, and therefore awarded Plaintiff its reasonable fees and expenses. (*Id.* at 5).

In the instant Motion, Defendants first seek reconsideration under Rule 60(b)(3), which provides for relief from an order for fraud by the opposing party. In doing so, however, Defendants merely repeat conclusory assertions of fraud that this Court has already rejected as improper attempts to dispute substantive and procedural rulings in the underlying state court proceedings. (Doc. 32 at 3; Doc. 48 at 12–15). Defendants thus fail to "present new facts or law of a strongly convincing nature" sufficient to warrant reconsideration under Rule 60(b)(3). *See Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012); *Simon v. Taylor*, No. 8:13-cv-593-T, 2013 WL 9235654, at *1 (M.D. Fla. July 15, 2013) (denying reconsideration where movant "merely repeate[d] arguments that have been rejected and provide[d] no new grounds upon which reconsideration would be appropriate").

Defendants next argue reconsideration is appropriate under Rule 60(b)(6), which authorizes discretionary relief when the movant can demonstrate circumstances "sufficiently extraordinary to warrant relief." *Madura v. BAC Home Loans Servicing, LP*, 734 F. App'x 629, 633 (11th Cir. 2018). Defendants fail to do so. Rather, Defendants raise a host of new grounds for relief, alleging violations, both criminal and civil, of federal and state laws. (Doc. 48 at 16–23). These new arguments are inappropriate in support of a motion for reconsideration. *See McGuire*, 497 F. Supp. 2d at 1358 ("A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." (quotation omitted)). Moreover,

3

even if Defendants' arguments were properly before the Court, there is no basis in the Motion to displace the Court's conclusion that it lacks subject matter jurisdiction over this case. Therefore, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Set Aside Court Order Granting Remand and Sanctions and Further Reliefs for Fraud Upon the Court and Other Grounds (Doc. 48) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 18, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties