**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. BANK, NATIONAL
ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST,

        Plaintiff,

v.                                        Case No:   6:23-cv-1493-WWB-LHP

VALERIA TAVERAS, ELIEZER
TAVERAS, REUNION RESORT &
CLUB OF ORLANDO MASTER
ASSOCIATION, INC., BANK OF
AMERICA, N.A, UNKNOWN
TENANT NO. 1 and UNKNOWN
TENANT NO. 2,

        Defendants

---

**ORDER**
(And Direction to Clerk of Court)

Before the Court is Defendants' Motion for Leave to File Electronically and Receive Electronic Notices. Doc. No. 78. The Court does not require a response to rule on the motion. On review, the motion (Doc. No. 78) will be granted in part and denied in part.

This case is closed, and the only issue pending is Plaintiff's motion for attorneys' fees. *See* Doc. Nos. 28, 67, 68, 70, 76. Defendants state that electronic filing is now necessary because the Court has discontinued access to the e-portal, Defendant Valeria Traveras currently resides in Spain due to medical issues, and Defendants have experienced one issue with mailing in Court documents. Doc. No. 78. They also allege a delay in receiving Court filings. *Id.* So, Defendants ask for permission to file documents via CM/ECF, and they also request that they be permitted to receive Notices of Electronic Filing ("NEFs") via email. *Id.*

"While an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted). Here, Defendants have not demonstrated good cause for unfettered access to the CM/ECF system, and accordingly, this request will be **DENIED.** Defendants' prior use of the e-portal is insufficient to establish good cause or extenuating circumstances for access to the CM/ECF system. Nor does the Court find Defendant Valeria Traveras' location alone sufficient. *Cf. Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, No. 24-10988, 2025 WL 2319399, at *6–7 (11th Cir. Aug. 12,

2025) (denial of CM/ECF access to plaintiff living overseas did not violate right of access to the courts because right of access is "neither absolute nor conditional").

That said, "the Court in its discretion may grant *a pro se* party permission to receive electronic notifications."  *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023).   The Court finds it appropriate to exercise such discretion here, and thus the motion in this regard is **GRANTED**.  *See id.*; *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Accordingly, the **Clerk of Court** is **DIRECTED** to add Defendants' email addresses to CM/ECF, and ensure that they receive Notices of Electronic Filings, as follows:

        Eliezer Taveras:   etaveras2020@gmail.com

        Valeria Taveras:   valtaveras@yahoo.com

Defendants are cautioned that they will no longer receive Court filings by U.S. mail.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties